UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CUT RITE ONIONS LLC,                            :
    Plaintiff,                                  :
                                                :
v.                                              :        3:13cv-00300 (JAM)
                                                :
SARDILLI PRODUCE & DAIRY CO., INC, *et al.*,    :
    Defendants.                                 :

**ORDER OF DISMISSAL WITHOUT PREJUDICE PENDING MEDIATION**

This is a case about an onion supply agreement gone bad. Although the parties disagree about who owes whom, they do agree on one thing: their contract required them to resort to specific alternative dispute resolution procedures before they could litigate this case here in federal court. I agree and therefore will dismiss this case without prejudice to the parties' re-filing of their claims in the event that they cannot sensibly resolve their dispute by means of the process they agreed to in their contract.

### Background

Plaintiff Cut Rite Onions LLC (Cut Rite) and defendant Sardilli Produce & Dairy Co., Inc. (Sardilli) were parties to a supply contract for Cut-Rite to furnish onions to Sardilli as needed on a regular basis through the end of 2012.[1] *See* Doc. #45 at 10-21. One day in July 2012, however, plaintiff faxed Cut Rite a notice that in just three days' time it would "cease operating and supplying products to your company." *Id.* at 28. This sudden termination was not only an apparent breach of the ongoing supply contract but it also posed a practical problem for Sardilli, as Sardilli was under separate duty to furnish

---

[1] Although the contract with Sardilli is in the name of another onion supplier, it is undisputed that Cut Rite assumed the obligations under the contract.

onions to the Friendly's restaurant chain, a fact that Cut Rite knew because Friendly's was identified in the Cut Rite/Sardilli contract as a third party beneficiary. *Id.* at 18.

No matter the harm to Sardilli, Cut Rite's termination letter insisted that Sardilli "help us in clearing up your unpaid invoices ASAP." *Id.* at 28. At that point there were 48 invoices outstanding for about $45,000 from prior Cut Rite onion shipments. Almost all of these invoices, however, were not yet due and payable at the time that Cut Rite repudiated its duties under the contract because of a 30-day contractual grace period for payment. Doc. #45 at 12; Doc. #42-3 at 47-94. Even when the grace period expired, Sardilli never paid on the invoices.

In March 2013, Cut Rite filed this lawsuit against Sardilli as well as three of the Sardilli family members. Doc. #1. The lawsuit principally alleges breach of contract for failure to pay the outstanding invoices, as well as statutory violations of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a *et seq.* The Sardilli defendants filed an answer and counterclaims, principally alleging that Cut Rite had breached the supply agreement and that defendants were either excused from payment or at least entitled to an offset of any amounts due on the invoices. Doc. #25.

The Sardillis also maintained in their answer that Cut Rite had failed to resort to the mandatory alternative dispute resolution measures agreed to by the parties in their contract. *Id.* at 10.  Indeed, Paragraph 18 of the contract provides as follows:

> Before the parties resort to litigation, the parties agree to attempt, in good faith, to resolve any dispute, controversy or claim arising out of this Agreement, or the breach thereof, through discussion and negotiation among themselves, including a mandatory meeting at a mutually agreeable location with at least one senior manager of each party, and if unsuccessful, through mediation with the assistance of PACA and its staff.

Doc. #45 at 18.

## Discussion

Cut Rite has moved for summary judgment seeking payment of the invoices. At oral argument on this summary judgment motion, Cut Rite's counsel acknowledged that Cut Rite had not invoked the contract's alternative dispute resolution procedures. Neither party objected to the Court's suggestion that it should enforce the parties' agreement to exhaust these procedures before allowing this case to proceed in federal court.

Accordingly, I will dismiss this case without prejudice to re-filing if the parties are unable to resolve this dispute in accordance with their contract's alternative dispute resolution process. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming dismissal of case in light of contractual agreement to arbitrate). I am mindful that the Second Circuit has recommended that a district court in this context consider whether to enter a stay, rather than an order of dismissal, in light of the possibility that parties could delay alternative dispute resolution even longer by filing an appeal from a final order of dismissal. *See Salim Oleochemicals v. M/V Shropshire*, 278 F. 3d 90, 93 (2d Cir. 2002) (Sotomayor, J.). Here, however, in light of the fact that both parties in this case stated no objection to my enforcing their alternative dispute resolution agreement, I can see no non-frivolous basis for either party to lodge an appeal of this dismissal order.

Nor has either party raised a concern that dismissal could pose statute of limitations problems in the event that the case is re-filed. *See, e.g.*, *Holick v. Cellular Sales of New York, LLC*, 559 F. App'x 40, 43 (2d Cir. 2014). If there are looming statute-of-limitations concerns, the parties are well positioned to address this by expeditiously

availing themselves of their agreed-upon dispute resolution procedures or, alternatively, by filing a motion for reconsideration of this ruling.

Ultimately, I conclude that a dismissal—rather than a stay—is most consistent with the parties' agreement that alternative dispute resolution procedures would be used "*[b]efore* the parties resort to litigation." I cannot see why Cut Rite should be entitled to any benefit from having this case remain pending like the Sword of Damocles on the federal court docket in light of Cut Rite's undisputed failure to invoke the procedure set forth in the agreement in the first place.

## Conclusion

In accordance with the absence of objection by either party to the Court's enforcement of the parties' agreement to exhaust alternative dispute resolution procedures, the Clerk of Court shall DISMISS this case without prejudice to re-filing in the event that the parties' settlement efforts do not succeed. In view of the dismissal of this action, plaintiff's motion for summary judgment (Doc. #42) is DENIED as moot.

It is so ordered.

Dated at Bridgeport this 2nd day of September 2014.